IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DENNIS C. McDANIEL, | ) |
| Petitioner, | ) ) ) |
| v. | ) ) Case No. 22-CV-0022-GKF-SH |
| SCOTT NUNN, | ) ) ) |
| Respondent. | ) ) |

**OPINION AND ORDER**

Petitioner Dennis McDaniel, an Oklahoma inmate appearing *pro se*,[1] seeks federal habeas relief, through a 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. 1), from the judgments entered against him in the District Court of Tulsa County, Case Nos. CF-2020-1744 and CF-2020-2522. Respondent Scott Nunn moves to dismiss the petition, alleging that McDaniel failed to file it within 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations, and, in the alternative, that McDaniel failed to exhaust available state remedies before filing the petition, as required by 28 U.S.C. § 2254(b)(1)(A). Having considered the petition, Nunn's motion to dismiss (Dkt. 8), and McDaniel's response (Dkt. 9), the Court grants Nunn's motion, dismisses the petition, with prejudice, as barred by the one-year statute of limitations and, in the alternative, dismisses the petition for failure to exhaust available state remedies. The Court thus denies as moot McDaniel's motions for miscellaneous relief (Dkts. 7 and 10) filed March 4, 2022, and April 29, 2022.

---

[1] Because McDaniel appears without counsel, the Court must liberally construe his pleadings. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the rule of liberal construction neither requires nor permits the Court to act as McDaniel's advocate. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

I.

On July 31, 2020, represented by counsel, pleaded guilty to multiple criminal offenses charged against him in two separate cases. Dkt. 8-2, Docket Sheet (CF-2020-2522) 4; Dkt. 8-4, Docket Sheet (CF-2020-1744) 4-5. In Case No. CF-2020-1744, McDaniel pleaded guilty to attempted kidnapping (count one), feloniously pointing a firearm (count two), possession of a firearm after former conviction of a felony (count three), threatening an act of violence (counts four and five), violating a protective order, subsequent offense (count six), obstructing an officer (count seven), and malicious injury or destruction of property less than $1,000 (count eight). Dkt. 8-3, J. and Sentence 1. The trial court sentenced McDaniel to serve twelve years in state prison as to each conviction in counts one through six, and one year in county jail as to each of the two remaining convictions, with all sentences to be served concurrently with each other and to the sentences imposed in the second case, Case No. CF-2020-2552. Dkt. 8-3, J. and Sentence 2.

In Case No. CF-2020-2522, McDaniel pleaded guilty to possession of a firearm after former conviction of a felony (count one) and unlawful possession of a controlled dangerous substance (counts two and three). Dkt. 8-1, J. and Sentence 1. The trial court sentenced McDaniel to serve twelve years in state prison as to the conviction in count one and one year in county jail as to each of the two remaining convictions, with all sentences to be served concurrently with each other and with the sentences imposed in Case No. CF-2020-1744. Dkt. 8-1, J. and Sentence 1-2.

McDaniel did not move to withdraw his guilty pleas in either case, he did not seek direct review of his judgments and sentences by filing a certiorari appeal in the Oklahoma Court of Criminal Appeals (OCCA), and he did not seek postconviction relief. Dkt. 1, Pet. 2-5; Dkt. 8-2,

Docket Sheet (CF-2020-2522) 3-7; Dkt. 8-4, Docket Sheet (CF-2020-1744) 4-13. McDaniel filed the instant federal habeas petition on January 6, 2022.[2]

## II.

McDaniel identifies three grounds for relief in his petition. First, he claims the State of Oklahoma did not have jurisdiction over his criminal prosecution because he has "some Indian Blood" and committed his crimes in "Indian Country," making him subject to federal prosecution under the Major Crimes Act, 18 U.S.C. § 1153. Dkt. 1, Pet. 5, 12-16. Second, he claims his attorney was ineffective for failing to raise the jurisdictional claim. Dkt. 1, Pet. 7. Third, he appears to claim both the state and federal courts violated his constitutional right to a speedy trial or his statutory rights under the Federal Speedy Trial Act, 18 U.S.C. §§ 3161-3174. Dkt. 1, Pet. 8.

In response to specific questions in the petition asking whether McDaniel presented these claims in state court, either through a direct appeal or applications for postconviction relief or other collateral review, McDaniel indicates he did not, states that "Oklahoma lacked jurisdiction, or Oklahoma state has an absence of available corrective process," and asserts that he "shall not be required to exhaust state remedies." Dkt. 1, Pet. 2-9, 12-13. In the section of the petition that informs McDaniel of the one-year statute of limitations and asks him to explain the timeliness of the petition, he asserts that "Subject Matter Jurisdiction, such as '{18 U.S.C. §§ 1152, 1153}', cannot be Waived, and '{MUST}' be Raised at anytime [sic]," and appears to argue that because

---

[2] The Clerk of Court received the petition on January 14, 2022. Dkt. 1, Pet. 1. Applying the prison mailbox rule, the Court deems the petition filed on January 6, 2022—the date McDaniel declares, under penalty of perjury, that he placed the petition in the prison's legal mailing system. Dkt. 1, Pet. 17; *see* Rule 3(d), *Rules Governing Section 2254 Cases in the United States District Courts*.

3

the State allegedly lacked jurisdiction over his criminal prosecution, his federal petition cannot be barred by the statute of limitations. Dkt. 1, Pet. 10-12.

As previously stated, Nunn seeks dismissal of the petition, arguing that McDaniel failed to file it within the applicable one-year statute of limitations, as provided in 28 U.S.C. § 2244(d)(1), and, in the alternative, that McDaniel failed to exhaust available state remedies before filing the petition, as required by 28 U.S.C. § 2254(b)(1)(A). Dkt. 8, Mot. 3-13.

### III.

On the record presented, the Court agrees with Nunn that McDaniel's claims are barred by the one-year statute of limitations. Under the Antiterrorism and Effective Death Penalty Act (AEDPA), state prisoners have one year from the latest of four triggering events in which to file a federal habeas petition. 28 U.S.C. § 2244(d)(1). The limitation period generally begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). Under some circumstances, the prisoner may be able to demonstrate that the one-year limitation period commenced on a later date. *Id.* § 2244(d)(1)(B), (C), (D). Regardless of which provision governs the commencement date, a state prisoner's one-year limitation period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2). This statutory tolling provision applies only if the prisoner properly files an application for postconviction relief or other collateral review in state court within the applicable one-year limitation period. *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006). In rare circumstances, the prisoner may be able to demonstrate that the one-year limitation period should be tolled for equitable reasons. *Holland v. Florida*, 560 U.S. 631, 645 (2010); *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000).

Applying § 2244(d)(1)(A), McDaniel's criminal judgments became final on August 10, 2020, ten days after his sentencing hearing, when the time expired for him to file a motion to withdraw his guilty pleas. *See Clark*, 468 F.3d at 713 (discussing Oklahoma law regarding appeal from conviction following guilty plea); *Locke v. Saffle*, 237 F.3d 1269, 1272 (10th Cir. 2001) (discussing when a conviction becomes "final" for purposes of § 2244(d)(1)(A)). His one-year limitation period commenced the next day, August 11, 2020, and, absent any tolling events, expired on August 11, 2021. McDaniel filed the instant petition on January 6, 2022, over four months after the one-year limitation period expired. And there are no allegations or evidence in the record to support either statutory or equitable tolling of the one-year limitation period. Thus, the petition is untimely under § 2244(d)(1)(A). Further, as Nunn argues, McDaniel fails to allege, and therefore fails to demonstrate, that his one-year limitation period began at a later date under any other subsection of § 2244(d)(1).[3]

The Court therefore concludes that the claims raised in the petition are untimely and that the petition should be dismissed with prejudice as barred by the one-year statute of limitations.

## IV.

---

[3] To the extent McDaniel relies on his assertion that issues of subject-matter jurisdiction can never be waived, that reliance is misplaced. Regardless of whether McDaniel might be able to challenge the trial court's subject-matter jurisdiction in state court, free of any time limitations, the plain language of § 2244(d)(1)'s one-year statute of limitations contains no exception for claims challenging subject-matter jurisdiction. *See, e.g., See, e.g., Murrell v. Crow*, 793 F. App'x 675, 678-79 (10th Cir. 2019) (unpublished) (characterizing habeas petitioner's claim that the trial court lacked jurisdiction to accept his plea as a "due-process claim" and affirming district court's determination that the due-process claim could be dismissed as untimely under § 2244(d)(1)); *Morales v. Jones*, 417 F. App'x 746, 749 (10th Cir. 2011) (unpublished) (finding no legal support for habeas petitioner's assertion that "subject matter jurisdiction can never be waived and therefore [the petitioner] can never be barred from raising" a claim that the trial court lacked subject-matter jurisdiction and stating, "[a]s with any other habeas claim, [a claim that the trial court lacked subject-matter jurisdiction] is subject to dismissal for untimeliness"). And, on the record presented, McDaniel has not shown that this is one of the rare cases where equity favors an exception to the statute of limitations.

Alternatively, the Court finds that even if McDaniel could overcome the untimeliness of his claims, he concedes, and the record shows, that he failed to exhaust available state remedies as to any of his claims. The AEDPA requires state prisoners to "exhaust available state-court remedies before a federal court can consider a habeas corpus petition." *Bland v. Sirmons*, 459 F.3d 999, 1011 (10th Cir. 2006). The exhaustion requirement, codified at 28 U.S.C. § 2254(b)(1)(A), requires a state prisoner to "give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). This is so because "[s]tate courts, like federal courts, are obliged to enforce federal law." *Id.* at 844. "Comity thus dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review his claim and provide any necessary relief." *O'Sullivan*, 526 U.S. at 844. To satisfy the exhaustion requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845.

McDaniel candidly admits in his petition that he did not exhaust available state remedies as to any of his claims before filing the instant petition, Dkt. 1, Pet. 2-9, 12-13, and the state court docket sheets Nunn submitted with his motion supports this admission, Dkts. 8-2, 8-4. Moreover, McDaniel's apparent reason for not presenting his claims in state court—that Oklahoma's alleged lack of jurisdiction over his criminal prosecution shows that the State lacks any corrective process—does not excuse his failure to exhaust. Under § 2254, a petitioner who fails to exhaust available state remedies can obtain habeas review if he or she shows that "there is an absence of available State corrective process." 28 U.S.C. § 2254(b)(1)(B)(i). But Oklahoma law provides for direct appeals, appeals out of time, and postconviction appeals in criminal cases. *See* Okla.

Stat. tit. 22, § 1051, 1080; Rules 1.2 and 2.1, *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2022). And, even if, as McDaniel alleges, the trial court lacked jurisdiction over his criminal prosecution, that would not deprive all state courts of the authority to exercise jurisdiction over any direct appeal, application for postconviction relief, or postconviction appeal McDaniel might file to challenge the validity of his criminal judgment. McDaniel's bare assertion that Oklahoma lacks any corrective process is thus contradicted by Oklahoma law. Further, like the AEDPA's statute of limitations, the AEDPA's exhaustion requirement does not carve out an exception for claims alleging the petitioner was prosecuted in a court that lacked jurisdiction. *See, e.g., Chaney v. Dennis*, No. CIV 21-075-RAW-KEW, 2022 WL 580449, at *2 (E.D. Okla. Feb. 25, 2022) (unpublished)[4] ("The Section 2254 exhaustion requirement contains no exception for jurisdictional claims."). Because McDaniel has not given Oklahoma courts "the first opportunity to review his claim[s] and provide any necessary relief," *O'Sullivan*, 526 U.S. at 844, the Court finds that even if McDaniel's claims could be deemed timely, the petition must be dismissed for failure to exhaust available state remedies.

## V.

In sum, McDaniel failed to file his petition within the applicable statute of limitations and failed to exhaust available state remedies before filing the petition. The Court therefore grants Nunn's dismissal motion, dismisses the petition, with prejudice, as barred by the one-year statute of limitations and, in the alternative, dismisses the petition for failure to exhaust available state remedies. Further, the Court denies as moot McDaniel's pending motions for miscellaneous relief. Finally, the Court declines to issue a certificate of appealability because the Court finds that no

---

[4] The Court cites this unpublished decision, and other unpublished decisions herein, as persuasive authority. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

reasonable jurists would debate the procedural dismissal of the petition. 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Nunn's motion to dismiss (Dkt. 8) is **granted**.

2. The petition for writ of habeas corpus (Dkt. 1) is **dismissed with prejudice** as barred by 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations.

3. The petition for writ of habeas corpus (Dkt. 1) is, in the alternative, **dismissed** for failure to exhaust available state remedies.

4. McDaniel's motions for miscellaneous relief (Dkts. 7 and 10) are **denied as moot**.

5. A certificate of appealability is **denied**.

6. A separate judgment shall be entered in this matter.

**DATED** this 5th day of May 2022.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE